The Honorable John C. Coughenour

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

Plaintiff,

v.

DESMOND DAVID-PITTS,

Defendant.

No. CR20-143JCC

**PLEA AGREEMENT**

The United States of America, by and through Brian T. Moran, United States Attorney for the Western District of Washington, and Todd Greenberg, Assistant United States Attorney for said District, Defendant Desmond David-Pitts and Defendant's attorney, Corey Endo, enter into the following Agreement, pursuant to Federal Rule of Criminal Procedure 11(c).

1.      **Waiver of Indictment**.  Defendant, having been advised of the right to be charged by Indictment, agrees to waive that right and enter a plea of guilty to the charge brought by the United States Attorney in an Information.

2. **The Charge**. Defendant, having been advised of the right to have this matter tried before a jury, agrees to waive that right and enter a plea of guilty to the following charge contained in the Information: *Conspiracy to Commit Arson*, in violation of Title 18, United States Code, Section 371.

By entering the plea of guilty, Defendant hereby waives all objections to the form of the charging document.  Defendant further understands that before entering any guilty plea, Defendant will be placed under oath. Any statement given by Defendant under oath may be used by the United States in a prosecution for perjury or false statement.

3. **Elements of the Offense**.  The elements of the offenses to which Defendant is pleading guilty are as follows:

> First, Defendant knowingly agreed with at least one other person to commit an offense against the United States, that is, Arson, in violation of Title 18, United States Code, Section 844(f)(1) and (i);[1] and

> Second, Defendant or a co-conspirator committed any act to effect the object of the conspiracy.

4. **The Penalties**.  Defendant understands that the statutory penalties applicable to the offense to which Defendant is pleading guilty are as follows: A maximum term of imprisonment of five (5) years; a fine of up to $250,000; a period of supervision following release from prison of up to three years; and a mandatory special assessment of $100 dollars. If a probationary sentence is imposed, the probation period can be for up to five years.

Defendant understands that supervised release is a period of time following imprisonment during which Defendant will be subject to certain restrictive conditions and requirements.  Defendant further understands that, if supervised release is imposed and

---

[1] The elements of the crime of Arson are: Defendant used means of fire to maliciously damage or destroy, or attempt to damage or destroy, a building that was used in interstate or foreign commerce or an activity affecting interstate or foreign commerce [§ 844(i)]; or was in whole or in part owned or possessed by an institution or organization receiving Federal financial assistance [§ 844(f)(1)].

Plea Agreement - 2
*U.S. v. David-Pitts,* CR20-143JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  Defendant violates one or more of the conditions or requirements, Defendant could be

2  returned to prison for all or part of the term of supervised release that was originally

3  imposed.  This could result in Defendant serving a total term of imprisonment greater

4  than the statutory maximum stated above.

5      Defendant understands that as a part of any sentence, in addition to any term of

6  imprisonment and/or fine that is imposed, the Court may order Defendant to pay

7  restitution to any victim of the offense, as required by law.

8      Defendant further understands that the consequences of pleading guilty may

9  include the forfeiture of certain property, either as a part of the sentence imposed by the

10  Court, or as a result of civil judicial or administrative process.

11      Defendant agrees that any monetary penalty the Court imposes, including the

12  special assessment, fine, costs, or restitution, is due and payable immediately and further

13  agrees to submit a completed Financial Statement of Debtor form as requested by the

14  United States Attorney's Office.

15      5.      **Rights Waived by Pleading Guilty.**  Defendant understands that by

16  pleading guilty, Defendant knowingly and voluntarily waives the following rights:

17          a.      The right to plead not guilty and to persist in a plea of not guilty;

18          b.      The right to a speedy and public trial before a jury of Defendant's

19      peers;

20          c.      The right to the effective assistance of counsel at trial, including, if

21      Defendant could not afford an attorney, the right to have the Court appoint one for

22      Defendant;

23          d.      The right to be presumed innocent until guilt has been established

24      beyond a reasonable doubt at trial;

25          e.      The right to confront and cross-examine witnesses against Defendant

26      at trial;

27          f.      The right to compel or subpoena witnesses to appear on Defendant's

28      behalf at trial;

Plea Agreement - 3
*U.S. v. David-Pitts,* CR20-143JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1          g.      The right to testify or to remain silent at trial, at which trial such

2      silence could not be used against Defendant; and

3          h.      The right to appeal a finding of guilt or any pretrial rulings.

4      6.      **United States Sentencing Guidelines**.  Defendant understands and

5      acknowledges that the Court must consider the sentencing range calculated under the

6      United States Sentencing Guidelines and possible departures under the Sentencing

7      Guidelines together with the other factors set forth in Title 18, United States Code,

8      Section 3553(a), including:  (1) the nature and circumstances of the offenses; (2) the

9      history and characteristics of Defendant; (3) the need for the sentence to reflect the

10     seriousness of the offenses, to promote respect for the law, and to provide just

11     punishment for the offenses; (4) the need for the sentence to afford adequate deterrence to

12     criminal conduct; (5) the need for the sentence to protect the public from further crimes

13     of Defendant; (6) the need to provide Defendant with educational and vocational training,

14     medical care, or other correctional treatment in the most effective manner; (7) the kinds

15     of sentences available; (8) the need to provide restitution to victims; and (9) the need to

16     avoid unwarranted sentence disparity among defendants involved in similar conduct who

17     have similar records.  Accordingly, Defendant understands and acknowledges that:

18          a.      The Court will determine Defendant's Sentencing Guidelines range

19      at the time of sentencing;

20          b.      After consideration of the Sentencing Guidelines and the factors in

21      18 U.S.C. 3553(a), the Court may impose any sentence authorized by law, up to

22      the maximum term authorized by law;

23          c.      The Court is not bound by any recommendation regarding the

24      sentence to be imposed, or by any calculation or estimation of the Sentencing

25      Guidelines range offered by the parties or the United States Probation Department,

26      or by any stipulations or agreements between the parties in this Plea Agreement;

27      and

28

Plea Agreement - 4
*U.S. v. David-Pitts,* CR20-143JCC

1          d.    Defendant may not withdraw a guilty plea solely because of the

2    sentence imposed by the Court.

3        7.    **Ultimate Sentence**.  Defendant acknowledges that no one has promised or

4    guaranteed what sentence the Court will impose.

5        8.    **Statement of Facts**. The parties agree on the following facts. Defendant

6    admits Defendant is guilty of the charged offense:

7    On August 24, 2020, at approximately 8:00 p.m., demonstrators began
    gathering at Cal Anderson Park in Seattle as part of a protest concerning a
8    recent police officer involved shooting incident in Kenosha, Wisconsin.
    During the evening, the protestors marched through Seattle to the Seattle
9    Police Department ("SPD") East Precinct and then to the SPD West
10   Precinct.  By approximately 11:30 p.m., a group of approximately 200
    protestors returned to the SPD East Precinct.
11

12   Between 11:31 p.m. and 11:42 p.m., security surveillance cameras captured
13   footage of Desmond David-Pitts starting a fire against the sally-port garage
    door at the East Precinct.  David-Pitts was wearing several distinctive
14   items, including pink camouflage pattern pants, a white banana over his
    head, a long-sleeve black shirt, and a blue backpack on his back.  David-
15   Pitts was wearing all of these items when he was arrested near the East
16   Precinct approximately 40 minutes after the fire.  During a post-arrest
    interview, David-Pitts admitted to setting the fire at the East Precinct.
17

18   The surveillance video shows David-Pitts taking the following actions with
19   respect to setting the fire at the East Precinct sally-port garage door:

20       • At 11:31 p.m., David-Pitts and an unknown individual enter the
21         camera view.  David-Pitts approaches the garage door and appears to
       grab onto chains attached to the door.  David-Pitts and the other
22         person then walk out of the camera view.  This unknown individual
23         was wearing all black clothing, a black hat, ski googles, and was
       carrying a black umbrella.
24

25       • At 11:35 p.m., David-Pitts reenters the camera view and again pulls
26         on the chains of the garage door several times – often using all of his
       body weight by jumping up and down.  The door did not open.
27         David-Pitts then knocks down a trash can, reaches inside of it, and
       throws a glass wine bottle at a nearby door as an SPD officer
28         attempted to open it.  David-Pitts then runs out of the camera view.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- At 11:37 p.m., David-Pitts reenters the camera view and throws a trash bag into the sally-port area towards the garage door. A few seconds later, he and another person enter the sally-port area. David-Pitts moves the trash bag against the garage door, on top of the tipped-over garbage can. He and the other person then depart the camera view. The other person was wearing all black clothing, a black hat or helmet, and a gas mask.

- At 11:40 p.m., two unknown individuals wearing all black clothing can been seen throwing additional garbage bags into the sally-port area in the vicinity of the garage door. A few seconds later, several small fireworks or similar explosive devices are thrown into the sally-port area by individuals who were off camera. The devices cause smoke but do not start a fire.

- While these fireworks devices are being thrown into the sally-port, David-Pitts reenters the area and approaches some of the garbage bags. David-Pitts appears to use a lighter in his hand to start a fire on one of the garbage bags.

- At 11:41 p.m., two other people enter the sally-port and assist David-Pitts in piling the garbage bags – including the one David-Pitts lit on fire – on top of the trash can against the garage door. These two individuals are wearing all black clothing, black hats or helmets, and gas masks. David-Pitts kneels next to the debris pile and can been seen moving his hands around, while flames emanate from the top of the pile. David-Pitts then walks over to another garbage bag and appears to try and ignite it with the lighter, although the bag does not seem to catch fire. One of the other individuals carries this garbage bag and places it near the debris pile against the garage door.

- At 11:42 p.m., David-Pitts re-approaches this garbage bag and successfully ignites it with what appears to be a lighter in his hand. David-Pitts then leaves the flaming garbage bag next to the already burning debris pile against the garage door and departs the sally-port. The flames on the debris pile grow stronger, burning approximately 5-10 feet high.

- At approximately 11:43 p.m., SPD officers exit the precinct through a second, standard size door in the sally-port area, approach the fire, and successfully put it out with fire extinguishers.

Plea Agreement - 6
*U.S. v. David-Pitts,* CR20-143JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

The same surveillance camera footage also shows that between 11:33 p.m. and 11:41 p.m., while David-Pitts was setting the fire in the sally-port, a group of approximately ten other individuals were attempting to barricade closed the above-referenced second, standard size door.  This door is located in the sally-port area within approximately 30-40 feet from where David-Pitts set the fire.  These individuals were dressed in all black clothing, black protective head gear or hats, and some of them had gas masks on and/or were carrying black umbrellas.  These individuals smashed the exterior card reader to the door, fixed a metal rod against the door handle, and sprayed rapidly drying cement around the door.  Officers inside of the precinct were eventually able to force this door open when they exited the precinct to extinguish the fire, as described above.

Additional surveillance camera footage shows that between 11:37 p.m. and 11:42 p.m., while all of the above described activities were ongoing, a few other individuals set a second fire just around the corner from the sally-port, against the adjacent wall of the East Precinct.  These individuals broke through a chain link fence that was protecting the East Precinct, and used garbage bags and other debris to start the fire against the building.  These individuals were similarly dressed in full black clothing and also had black protective head gear or hats, gas masks, and/or black umbrellas.

A further review of surveillance camera footage reveals that between 11:31 p.m. and 11:42 p.m., David-Pitts had multiple interactions with various individuals who were dressed in all black, many of whom also had protective head gear or hats, gas masks, and/or black umbrellas, as described above.  David-Pitts can been seen walking alongside some of these individuals and speaking with some of them at various times during the footage.  As described above, some of these same individuals entered the sally-port along with David-Pitts as he set the fire.  In addition, at 11:35 p.m., David-Pitts appears to assist some of these individuals in breaking into the chain link fence inside of which the second fire was set.

After the fire against the sally-port garage door was extinguished, investigators were able to inspect the area for fire damage.  The structure of the garage door had obvious burn damage, including charring, smoke damage, and flame damage.  There was also soot and hot vapor damage on and around the garage door.

The East Precinct building is one of the SPD's primary bases of operation in the City of Seattle.  Among other things, the East Precinct provides 24/7 proactive patrol and 911 emergency response to East Seattle, and other

Plea Agreement - 7
*U.S. v. David-Pitts,* CR20-143JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1
2
3
4

services including bike patrol, Anti-Crime Teams, Burglary/Theft investigation, Community Police Teams and Crime Prevention.  The Seattle Police Department is involved in interstate and foreign commerce and in activities affecting interstate and foreign commerce, and is also an institution and organization that receives Federal financial assistance.

5
6
7
8
9

The parties agree that the Court may consider additional facts contained in the Presentence Report (subject to standard objections by the parties) and/or that may be presented by the United States or Defendant at the time of sentencing, and that the factual statement contained herein is not intended to limit the facts that the parties may present to the Court at the time of sentencing.

10

9.    **Sentencing Factors**. The parties agree that the following Sentencing

11

Guidelines provisions apply to this case:

12

A base offense level of 24, pursuant to USSG § 2K1.4(a)(1).

13
14
15
16
17

The parties agree they are free to present arguments regarding the applicability of all other provisions of the United States Sentencing Guidelines.  Defendant understands, however, that at the time of sentencing, the Court is free to reject these stipulated adjustments, and is further free to apply additional downward or upward adjustments in determining Defendant's Sentencing Guidelines range.

18
19
20
21
22
23
24
25

10.    **Acceptance of Responsibility.** At sentencing, *if* the Court concludes Defendant qualifies for a downward adjustment acceptance for acceptance of responsibility pursuant to USSG § 3E1.1(a) and Defendant's offense level is 16 or greater, the United States will make the motion necessary to permit the Court to decrease the total offense level by three (3) levels pursuant to USSG §§ 3E1.1(a) and (b), because Defendant has assisted the United States by timely notifying the United States of Defendant's intention to plead guilty, thereby permitting the United States to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

26
27
28

11.    **Recommendation Regarding Imprisonment**. The government agrees to recommend a sentence within the advisory Sentencing Guidelines range as calculated by the Court at the time of sentencing.  Defendant is free to recommend any sentence.

Plea Agreement - 8
*U.S. v. David-Pitts,* CR20-143JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  Defendant understands that these recommendations are not binding on the Court and the

2  Court may reject the recommendation of the parties and may impose any term of

3  imprisonment up to the statutory maximum penalty authorized by law. Defendant further

4  understands that Defendant cannot withdraw the guilty plea simply because of the

5  sentence imposed by the Court.  Except as otherwise provided in this Plea Agreement, the

6  parties are free to present arguments regarding any other aspect of sentencing.

7       12.     **Restitution.** Defendant agrees that the Court can order Defendant to pay

8  restitution to the Seattle Police Department, the victim of Defendant's crimes.  Defendant

9  is aware that the United States will present evidence supporting an order of restitution for

10 all losses caused by all of Defendant's criminal conduct known to the United States at the

11 time of Defendant's guilty plea.  In exchange for the promises by the United States

12 contained in this plea agreement, Defendant agrees that Defendant will be responsible for

13 any order by the District Court requiring the payment of restitution for such losses.

14          a.     The full amount of restitution shall be due and payable immediately

15      on entry of judgment and shall be paid as quickly as possible.  If the Court finds

16      that the defendant is unable to make immediate restitution in full and sets a

17      payment schedule as contemplated in 18 U.S.C. § 3664(f), Defendant agrees that

18      the Court's schedule represents a minimum payment obligation and does not

19      preclude the U.S. Attorney's Office from pursuing any other means by which to

20      satisfy the defendant's full and immediately-enforceable financial obligation,

21      including, but not limited to, by pursuing assets that come to light only after the

22      district court finds that the defendant is unable to make immediate restitution.

23          b.     Defendant agrees to disclose all assets in which Defendant has any

24      interest or over which Defendant exercises control, directly or indirectly, including

25      those held by a spouse, nominee, or third party.  Defendant agrees to cooperate

26      fully with the United States' investigation identifying all property in which

27      Defendant has an interest and with the United States' lawful efforts to enforce

28      prompt payment of the financial obligations to be imposed in connection with this

Plea Agreement - 9
*U.S. v. David-Pitts,* CR20-143JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

prosecution.  Defendant's cooperation obligations are:  (1) before sentencing, and no more than 30 days after executing this Plea Agreement, truthfully and completely executing a Financial Disclosure Statement provided by the United States Attorney's Office and signed under penalty of perjury regarding Defendant's and Defendant's spouse's financial circumstances and producing supporting documentation, including  tax returns, as requested; (2) providing updates with any material changes in circumstances, as described in 18 U.S.C. § 3664(k), within seven days of the event giving rise to the changed circumstances; (3) authorizing the United States Attorney's Office to obtain Defendant's credit report before sentencing; (4) providing waivers, consents or releases requested by the U.S. Attorney's Office to access records to verify the financial information; (5) authorizing the U.S. Attorney's Office to inspect and copy all financial documents and information held by the U.S. Probation Office; (6) submitting to an interview regarding Defendant's Financial Statement and supporting documents before sentencing (if requested by the United States Attorney's Office), and fully and truthfully answering questions during such interview; and (7) notifying the United States Attorney's Office before transferring any interest in property owned directly or indirectly by Defendant, including any interest held or owned in any other name, including all forms of business entities and trusts.

c.      The parties acknowledge that voluntary payment of restitution prior to the adjudication of guilt is a factor the Court considers in determining whether Defendant qualifies for acceptance of responsibility pursuant to USSG § 3E1.1(a).

13.    **Abandonment of Contraband**.  Defendant also agrees that, if any federal law enforcement agency seized any illegal contraband that was in Defendant's direct or indirect control, Defendant consents to the federal administrative disposition, official use, and/or destruction of that contraband.

Plea Agreement - 10
*U.S. v. David-Pitts,* CR20-143JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1    14.    **Non-Prosecution of Additional Offenses**. As part of this Plea Agreement,

2    the United States Attorney's Office for the Western District of Washington agrees to

3    dismiss the Indictment filed in this matter and not to prosecute Defendant for any

4    additional offenses known to it as of the time of this Plea Agreement based upon

5    evidence in its possession at this time, and that arise out of the conduct giving rise to this

6    investigation.  In this regard, Defendant recognizes the United States has agreed not to

7    prosecute all of the criminal charges the evidence establishes were committed by

8    Defendant solely because of the promises made by Defendant in this Agreement.

9    Defendant agrees, however, that for purposes of preparing the Presentence Report, the

10   United States Attorney's Office will provide the United States Probation Office with

11   evidence of all conduct committed by Defendant.  Defendant agrees that any charges to

12   be dismissed before or at the time of sentencing were substantially justified in light of the

13   evidence available to the United States, were not vexatious, frivolous or taken in bad

14   faith, and do not provide Defendant with a basis for any future claims under the "Hyde

15   Amendment," Pub. L. No. 105-119 (1997).

16   15.    **Breach, Waiver, and Post-Plea Conduct.**  Defendant agrees that, if

17   Defendant breaches this Plea Agreement, the United States may withdraw from this Plea

18   Agreement and Defendant may be prosecuted for all offenses for which the United States

19   has evidence.  Defendant agrees not to oppose any steps taken by the United States to

20   nullify this Plea Agreement, including the filing of a motion to withdraw from the Plea

21   Agreement.  Defendant also agrees that, if Defendant is in breach of this Plea Agreement,

22   Defendant has waived any objection to the re-institution of any charges that previously

23   were dismissed or any additional charges that had not been prosecuted.

24   Defendant further understands that if, after the date of this Agreement, Defendant

25   should engage in illegal conduct, or conduct that violates any conditions of release or the

26   conditions of confinement (examples of which include, but are not limited to, obstruction

27   of justice, failure to appear for a court proceeding, criminal conduct while pending

28   sentencing, and false statements to law enforcement agents, the Pretrial Services Officer,

Plea Agreement - 11
*U.S. v. David-Pitts,* CR20-143JCC

1   Probation Officer, or Court), the United States is free under this Plea Agreement to file

2   additional charges against Defendant or to seek a sentence that takes such conduct into

3   consideration by requesting the Court to apply additional adjustments or enhancements in

4   its Sentencing Guidelines calculations in order to increase the applicable advisory

5   Guidelines range, and/or by seeking an upward departure or variance from the calculated

6   advisory Guidelines range.  Under these circumstances, the United States is free to seek

7   such adjustments, enhancements, departures, and/or variances even if otherwise

8   precluded by the terms of the Plea Agreement.

9         16.      **Waiver of Appellate Rights and Rights to Collateral Attacks.** Defendant

10  acknowledges that, by entering the guilty pleas required by this plea agreement,

11  Defendant waives all rights to appeal from Defendant's conviction, and any pretrial

12  rulings of the Court, and any rulings of the Court made prior to entry of the judgment of

13  conviction.  Defendant further agrees that, provided the Court imposes a custodial

14  sentence that is within or below the Sentencing Guidelines range as determined by the

15  Court at the time of sentencing, Defendant waives to the full extent of the law:

16        a.      Any right conferred by Title 18, United States Code, Section 3742,

17           to challenge, on direct appeal, the sentence imposed by the Court, including any

18           fine, restitution order, probation or supervised release conditions, or forfeiture

19           order (if applicable); and

20        b.      Any right to bring a collateral attack against the conviction and

21           sentence, including any restitution order imposed, except as it may relate to the

22           effectiveness of legal representation.

23  This waiver does not preclude Defendant from bringing an appropriate motion

24  pursuant to 28 U.S.C. § 2241, to address the conditions of Defendant's confinement or

25  the decisions of the Bureau of Prisons regarding the execution of Defendant's sentence.

26        If Defendant breaches this Plea Agreement at any time by appealing or collaterally

27  attacking (except as to effectiveness of legal representation) the conviction or sentence in

28  any way, the United States may prosecute Defendant for any counts, including those with

Plea Agreement - 12
*U.S. v. David-Pitts,* CR20-143JCC

1  mandatory minimum sentences, that were dismissed or not charged pursuant to this Plea

2  Agreement.

3          17.      **Voluntariness of Plea**. Defendant agrees that Defendant has entered into

4  this Plea Agreement freely and voluntarily, and that no threats or promises were made to

5  induce Defendant to enter a plea of guilty other than the promises contained in this Plea

6  Agreement or set forth on the record at the change of plea hearing in this matter.

7          18.      **Statute of Limitations**. In the event this Plea Agreement is not accepted by

8  the Court for any reason, or Defendant breaches any of the terms of this Plea Agreement,

9  the statute of limitations shall be deemed to have been tolled from the date of the Plea

10 Agreement to:  (1) thirty days following the date of non-acceptance of the Plea

11 Agreement by the Court; or (2) thirty days following the date on which a breach of the

12 Plea Agreement by Defendant is discovered by the United States Attorney's Office.

13         19.      **Completeness of Agreement**.  The United States and Defendant

14 acknowledge that these terms constitute the entire Plea Agreement between the parties,

15 except as may be set forth on the record at the change of plea hearing in this matter. This

16 Agreement binds only the United States Attorney's Office for the Western District of

17 Washington.  It does not bind any other United States Attorney's Office or any other

18 office or agency of the United States, or any state or local prosecutor.

19         Dated this 25th day of January, 2021.

20

21                                                        */s Desmond David-Pitts (per approval)*
                                                          DESMOND DAVID-PITTS
22                                                        Defendant

23
                                                          */s Corey Endo*
24                                                        COREY ENDO
                                                          Attorney for Defendant
25

26                                                        */s Todd Greenberg*
                                                          TODD GREENBERG
27                                                        Assistant United States Attorney

28

Plea Agreement - 13
*U.S. v. David-Pitts,* CR20-143JCC